UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

UNITED STATES OF AMERICA

v.                                          CRIMINAL NO. 4:11-CR-00111-GHD-JMV

ANN JEFFERSON

MEMORANDUM OPINION DENYING
MOTION FOR JUDGMENT OF ACQUITTAL,
OR IN THE ALTERNATIVE, FOR A NEW TRIAL

This matter comes before the Court on the Defendant Ann Jefferson's motion for acquittal

pursuant to Rule 29 of the Federal Rules of Criminal Procedure, or in the alternative, for a new trial

pursuant to Rule 33 of the Federal Rules of Criminal Procedure [59]. The Government has

responded, and this matter is now ripe for review.

*A. Factual and Procedural Background*

On July 28, 2011, the Defendant was indicted on eight counts of embezzlement,

obstruction of justice, and retaliation in violation of 18 U.S.C. §§ 2, 641, 1512(b)(2)(A),

1512(c)(2), 141, 1001, and 1513(e). A jury was impaneled on February 29, 2012. After several

days of testimony, on March 7, 2012, the jury returned guilty verdicts on seven of the eight counts.

*B. Legal Standards*

Rule 29 of the Federal Rules of Criminal Procedure provides that a court "must enter a

judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction."

FED. R. CRIM. P. 29(a). "Determining the weight and credibility of the evidence is within the

exclusive province of the jury." *United States v. Johnson*, 381 F.3d 506, 508 (5th Cir. 2004)

(citing *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992), *cert. denied*, 507 U.S. 943,

(citing *United States v. Martinez*, 975 F.2d 159, 161 (5th Cir. 1992), *cert. denied*, 507 U.S. 943, 113 S. Ct. 1346, 122 L. Ed. 2d 728 (1993)).   The jury verdict will be upheld if a reasonable trier of fact could conclude from the evidence that the elements of the offense were established beyond a reasonable doubt.   *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008).   The court "views the evidence in the light most favorable to the verdict and draws all reasonable inferences from the evidence to support the verdict."   *Percel*, 553 F.3d at 910 (internal quotation marks and citation omitted).   The court "do[es] not weigh evidence or assess the credibility of witnesses, and the jury is free to choose among reasonable constructions of the evidence."   *United States v. Ramos–Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008).

Rule 33 of the Federal Rules of Criminal Procedure provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."   FED. R. CRIM. P. 33(b).

## C.  Discussion and Analysis

The Defendant asserts five reasons that in the interests of justice this Court should grant a new trial or acquit the Defendant: (1) the evidence was insufficient to support the guilty verdicts; (2) the Court allowed the Government to play an audio recording at trial of Defendant's statement that no jury would convict her, when such statement was highly prejudicial and created jury bias against the Defendant; (3) the Government's witnesses fabricated information and evidence that the Defendant discovered for the first time during cross-examination which materially affected her ability to prepare and confront the evidence against her; and (4) the Court allowed "testimony of a

hearsay quality" from Government witnesses which violated the Defendant's rights under the Confrontation Clause to the U.S. Constitution.

The Government argues in response that (1) the evidence presented at trial was sufficient to support the guilty verdicts; (2) no basis exists that the Government presented fabricated information and evidence in the case; (3) the Defendant fully and completely cross-examined the witnesses she claims presented testimony the Defendant discovered for the first time during cross-examination, including Angela Brady; (4) although the recording of Defendant's statement that "no jury could convict her" was prejudicial, the statement was not unfairly prejudicial; and (5) all recordings played at trial were provided to the Defendant months in advance of trial and were pre-admitted into evidence by the parties.

### 1. Sufficiency of the Evidence

The Defendant contends that the evidence was insufficient to support guilty verdicts on counts 2, 3, 4, 6,[1] 7, 8, and 9. The jury found the Defendant guilty on Count 2 for obstructing justice by encouraging a witness, Angela Brady, to withhold information or testify untruthfully before the grand jury for the Northern District of Mississippi. The Court finds that over the course of the trial, the jury was presented with sufficient testimony to sustain the guilty verdict on this count, including testimony by both Angela Brady and Jimmy Johnson that the Defendant coached Angela Brady on testifying before the grand jury, and numerous recorded conversations relating this information, including Jefferson's recorded statement that all of them needed to be on the same track with their answers to the grand jury. The jury found the Defendant guilty on Count 3 for testifying falsely during a hearing before the Honorable Allen W. Pepper in August of 2009.

---

[1] The Court notes that the Defendant Ann Jefferson was neither indicted nor convicted on Count 6, which concerned only Defendant Jimmy Johnson.

The Court finds that the Government put forth substantial proof of the materiality as required to sustain the conviction. The transcript of the hearing before Judge Pepper revealed that the Defendant testified that the rent increases imposed by South Delta Regional Housing Authority ("SDRHA") were determined after careful consideration by a committee and that such increases were crucial to the continuation of the rental program because it was in financial chaos. Testimony in the trial itself, including recorded statements, sufficiently showed these statements to be untruthful. The jury found the Defendant guilty on Count 4 for embezzling SDRHA resources for her own use. Sufficient evidence at trial showed that the Defendant used SDRHA money and resources for the home she had purchased from SDRHA. The jury also found the Defendant guilty on three counts of retaliation against those who cooperated with the Government's investigation into the matter. The jury was presented with substantial evidence through the testimony of several witnesses as to the Defendant's treatment of them before and after she learned of the witnesses' cooperation with the FBI. Therefore, there was sufficient evidence for the jury to find the Defendant guilty on all counts charged.

2. Audio Recording of the Defendant

The Defendant contends that the Court erred in denying the Defendant's motion for mistrial after the Government played an audio recording of the Defendant stating: "No jury would convict me," contending that this statement was highly prejudicial to the Defendant and created jury bias against her. This issue was addressed by the Court in the trial when the Court conducted the balancing test required by Rule 403 of the Federal Rules of Evidence. The Court is of the opinion that this recorded statement was relevant to the case and that any prejudice resulting from the admission of this recorded statement was outweighed by its probative value.

3. Confrontation of Witnesses

The Defendant argues that the Government's witnesses fabricated information and evidence that was only discovered by the Defendant during cross-examination and that these fabrications materially affected the Defendant's ability to prepare and confront the evidence against her. The Court is of the opinion that the Defendant was made aware of most, if not all, of the information provided by the Government's witnesses ahead of the trial and had adequate time to prepare her defense. The Court further finds that the Defendant had ample opportunity to cross-examine all Government witnesses, and thus that her rights under the Confrontation Clause were not violated. Finally, the Court finds no basis for the Defendant's contention that the Government's evidence was fabricated.

4. Evidence of "a Hearsay Quality"

Lastly, the Defendant contends the Court erred in admitting testimony of "a hearsay quality" from Government witnesses and in so doing violated her right to confrontation. This Court does not exclude evidence of "a hearsay quality" unless that evidence falls within the definition contained within the Federal Rules of Evidence, which provides that testimony is hearsay only if brought by a party to prove the truth of the matter asserted in the statement. *See* FED. R. EVID. 801(c)(2); *United States v. Bernes*, 602 F.2d 716, 719 (5th Cir. 1979) (cautioning against expansion of the hearsay doctrine). The Court is of the opinion that the evidence admitted at trial was not inadmissible hearsay.

## D. Conclusion

Because the Defendant has failed to put forth sufficient reason for a new trial or judgment of acquittal, the Defendant's motion for the Court to enter a judgment of acquittal pursuant to Rule

29 of the Federal Rules of Criminal Procedure, or in the alternative, motion for a new trial pursuant

to Rule 33 of the Federal Rules of Criminal Procedure [59] shall be DENIED.

A separate order in accordance with this opinion shall issue this day.

THIS, the 6 day of August, 2012.

SENIOR JUDGE